IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BANKRUPTCY ESTATE OF CARLOS ALBERTO RODRIGUEZ QUINTANA AND LUZ MARIE VAZQUEZ SANTIAGO REPRESENTED BY WILFREDO SEGARRA MIRANDA, CHAPTER 7 TRUSTEE,<br><br>**Plaintiff**<br><br>v.<br><br>RUSHMORE LOAN MANAGEMENT SERVICES, *et al.*,<br><br>**Defendants.** | **CIVIL NO.** 19-1620 (RAM) |

**OPINION AND ORDER**[1]

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Plaintiff-Appellant Wilfredo Segarra-Miranda's ("Plaintiff," "Appellant" or "Trustee") *Appeal from an Order Entered from the United States Bankruptcy Court for the District of Puerto Rico* (Docket No. 4). The Bankruptcy Court held that (1) the unrecorded mortgage deed does not provide Rushmore Loan Management Service, LLC ("Rushmore") with an unperfected security interest, and (2) Appellant has no claim to assert under 11 U.S.C. §§ 541, 544 and 551, to avoid Rushmore's unrecorded mortgage and to preserve it for the Estate. Id. at 2. Having considered the parties' briefs and the applicable law, the

---

[1] Sarah Fallon, a rising second-year student at the University of Michigan Law School, assisted in the preparation of this Opinion and Order.

Bankruptcy Court's Judgment is **AFFIRMED** for the reasons set forth below.

## I. APPLICABLE LAW

On appeal, the Bankruptcy Court findings of fact are reviewed for clear error and the conclusions of law are reviewed *de novo*. Segarra v. Banco Popular de P.R. (In re Rivera Mercado), 599 B.R. 406, 416 (B.A.P. 1st Cir. 2019). "Clear error" review requires a "definite and firm conviction that a mistake has been committed." U.S. v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

The Bankruptcy Code, through 11 U.S.C. §§ 541, 544 and 551, empowers a trustee to avoid and preserve a creditor's unperfected lien for the benefit of the estate. *See* In re Traverse, 753 F.3d 19, 26 (1st Cir. 2014). First, 11 U.S.C. § 544 "vests the trustee with the powers of a bona fide purchaser of real property for value and allows the trustee to invalidate **unperfected security interests**." In re Sullivan, 387 B.R. 353, 357 (B.A.P. 1st Cir. 2008). Once the unperfected security interest has been avoided, the trustee's right of preservation under 11 U.S.C. § 551 preserves the avoided unperfected interest for the estate. *See* In re Traverse, 753 F.3d at 26.

However, "[t]he rights of a trustee under 11 U.S.C. § 544 are **determined by state law**." In re Rios, 420 B.R. 57, 71 (Bankr. D.P.R. 2009), subsequently aff'd sub nom. Soto-Rios v. Banco Popular de P.R., 662 F.3d 112 (1st Cir. 2011); *see also* In re The

Ground Round, Inc., 482 F.3d 15, 20 (1st Cir. 2007) (holding that "[s]ection 544 invokes state law"). For purposes of 11 U.S.C. § 544, a lien is defined under federal law as "a charge against or interest in property to secure payment of a debt" (11 U.S.C. § 101(37)) but the issue of whether a particular mortgage meets that definition **is one of state law**. *See* In re Sullivan, 387 B.R. at 358 (emphasis added).

 Mortgage Law is governed by the Real Property Act of the Commonwealth of Puerto Rico of 2015 and portions of the Civil Code. *See* Soto-Rios, 662 F.3d at 116-22 (holding that "[i]n Puerto Rico, the nature and effect of mortgages is governed by the Commonwealth's Mortgage and Property Registry Act of 1979 and portions of its Civil Code."); *see also* Quinones v. United States (In re Quinones), 581 B.R. 705, 707 (Bankr. D.P.R. 2017) (distinguishing certain statutes set aside and replaced by the Real Property Registry of Puerto Rico Act of 2015). The Civil Code lists the "essential requisites of the contracts of pledge and of mortgage." P.R. Laws Ann. tit. 31 § 5001. The first requirement is "[t]hat they be constituted to secure the fulfilment of a principal obligation." Id. Additionally, the Civil Code prescribes that "it is indispensable, in order that the mortgage may be validly constituted, that the instrument in which it is created be entered in the registry of property." P.R. Laws Ann. tit. 31, § 5042. **Therefore, under Puerto Rico law, the existence of a mortgage**

**requires the act of recording.** *See* Soto-Rios, 662 F.3d at 121 (recognizing that "recording is a 'constitutive' act for a mortgage," without which the creditor does not hold a mortgage but only an unsecured personal obligation). "It is well established that, under Puerto Rico law, recording is essential to the validity of a mortgage and that one that is not recorded is a **nullity**." In re Rivera Mercado, 599 B.R. at 419 (quoting In re Las Colinas, Inc., 426 F.2d 1005, 1016 (1st Cir. 1970)); *see also* Roosevelt Cayman Asset Co. II v. Cruz-Rivera, 232 F. Supp. 3d 230, 232 (D.P.R. 2017).

Though an unrecorded mortgage deed is a nullity, a creditor's collection action is based on the underlying promissory note. *See* Roosevelt Cayman Asset Co. II, 232 F. Supp. 3d at 232-33. An unrecorded mortgage deed does not eliminate the promissory note but rather turns it into an unsecured personal obligation, solely enforceable against the maker. *See* Roig Commercial Bank v. Dueño, 617 F. Supp. 913, 915 (D.P.R. 1985).

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On May 16, 2006, Doral Bank issued to Debtors (1) a loan for $73,600.00 ("Loan") and (2) a second loan for $18,400.00 ("Balloon Loan"). (Docket No. 4 at 8-9). Each loan is now held by Rushmore. The loans were each secured by a Mortgage Note and Mortgage Deed in connection with Debtors' purchase of real estate in Cataño, Puerto Rico ("the Property"). Id. Neither Mortgage has been

presented to the Registry of Property of Puerto Rico ("Registry") for recording. Id.

At the time of filing, Debtors presented the Loan as an unsecured claim for an unperfected lien and the Balloon Loan as an unsecured claim. Id. at 9. They, therefore, claimed a Homestead exemption of $100,000 over the property. Id. at 10. Rushmore filed unsecured claims for the outstanding balances on both the Loan and the Balloon Loan. Id. at 9.

On May 4, 2016, Trustee filed a *Complaint* in the United States Bankruptcy Court for the District of Puerto Rico ("the Bankruptcy Court") seeking a declaratory judgment, avoidance action, and preservation of avoided lien, related to the Loan. Id. at 10.

On April 22, 2019, the Bankruptcy Court granted Rushmore's motion for summary judgment, denied Trustee's cross-motion for summary judgment, and dismissed the case. Id. The Bankruptcy Court held that the unrecorded mortgage deed does not provide Rushmore with an unperfected security interest. (Docket No. 11-1). It further held that Appellant had no claim to assert under 11 U.S.C. §§ 541, 544, 551 to avoid Rushmore's unrecorded mortgage and to preserve it for the Estate. Id. On May 7, 2019, Trustee filed a motion for reconsideration of the Bankruptcy Court's original determination, which, on June 11, 2019, the Bankruptcy Court denied. (Docket No. 4 at 11).

### III. ANALYSIS

The issue on appeal is whether the Bankruptcy Court erred in finding that a Chapter 7 Trustee may not apply 11 U.S.C. §§ 541, 544 and 551 in a case where the mortgage was never presented to or recorded by the Registry. (Docket No. 10 at 4).

**A. The unrecorded mortgage deed is a nullity and does not result in an unperfected security interest.**

The Bankruptcy Court held that the unrecorded mortgage deed does not provide Rushmore with an unperfected security interest. (Docket No. 9 at 8). Trustee claims that the unrecorded mortgage deed does in fact result in an unperfected security obligation. (Docket No. 4 at 11). He asserts this claim in his determination that the precedent applied by the Bankruptcy Court of Puerto Rico erroneously interpreted the meaning of an unperfected security interest. (Docket No. 10 at 7). To support his definition, however, Trustee relies on cases determined under Massachusetts law. Id. The U.S. Court of Appeals for the First Circuit ("First Circuit") has established that **an entity's interest in property is determined by local law**. See Soto-Rios, 662 F.3d at 117; see also In re Sullivan, 387 B.R. at 358 (holding that the issue of whether a particular mortgage is a charge against or interest in property to secure payment of a debt is one of state law).

The First Circuit, in Soto-Rios v. Banco Popular de Puerto Rico, addressed the issue of whether a mortgage, which had been

only presented to the Registry but not yet recorded, granted a pre-petition interest in property. Soto-Rios, 662 F.3d at 115. The Court held that the act of presentment has legal significance in the process of registration. Id. at 122. In so holding, the Court acknowledged that recording is a "constitutive" act for a mortgage under Puerto Rico law. Id. at 121. The Court further held, without the existence of a mortgage, a creditor only has an unsecured personal obligation regarding the underlying debt. Id. Though it illustrates the legal effect of an unrecorded mortgage under Puerto Rico law, this case materially differs from the case at bar. **Rushmore's mortgage was not even presented to the Registry**. In addition to lacking the constitutive act of recording, Rushmore's mortgage has not been entered into the Registry by presentment, an act found to have legal significance by the First Circuit.

In Roig Commercial Bank v. Dueño, the District Court of Puerto Rico held that a creditor did not hold a pre-petition lien for purposes of a federal tax seizure of the debtor's property. *See* Roig Commercial, 617 F. Supp. at 914-15. The creditor presented but subsequently withdrew the mortgage from the Registry. Id. at 914. The Court held that "[r]ecording is essential to the validity of a mortgage." Id. at 915. Therefore, the creditor's only property interest was "a mere desire to have its promissory note guaranteed by an unrecorded mortgage." Id. As in Soto-Rios, the Court therein held that the promissory note represented an unsecured personal

obligation which could only be enforced against the maker. Id. Such is the case here with the Rushmore mortgage. **The creditors do not have a valid mortgage because it was not recorded, which is an essential act**. The *most* they could hold is an unsecured personal obligation, which is not an unperfected security interest as suggested by Trustee.

Five recent cases are relevant to the controversy at bar and support this conclusion. Roosevelt Cayman Asset Co. II v. Cruz-Rivera, In re Schwarz Reitman, In re Lopez Cancel, In re Garcia, and In re Rivera Mercado. Each of these cases addressed the legal effect of an unrecorded mortgage under Puerto Rico law. *See* Roosevelt Cayman Asset Co. II, 232 F. Supp. 3d at 232 (noting that "the mortgage deed held by [plaintiff] has never been registered in the Puerto Rico Property Registry."); *see also* In re Lopez Cancel, 2018 WL 6422651, at *1 (Bankr. D.P.R. 2018), aff'd sub nom. Lopez Cancel, 2020 WL 278395 (B.A.P. 1st Cir. 2020) (addressing the issue of whether the trustee may avoid "the unrecorded mortgage and … preserve the avoided mortgage for the benefit of the bankruptcy estate."); In re Garcia, 2018 WL 4354364, at *1 (Bankr. D.P.R. 2018) (determining that the case presented "a creditor who, under local law, failed to constitute a mortgage."); In re Rivera Mercado, 599 B.R. at 410 (finding that the "appeal concern[ed] the effect of an unrecorded mortgage under Puerto Rico

law and … chapter 7 trustee's request to avoid an unrecorded mortgage").

Following the precedent established by In re Las Colinas, the First Circuit in Roosevelt Cayman Asset Co. II v. Cruz-Rivera and In re Rivera Mercado held that an unrecorded mortgage was "a **nullity.**" *See e.g.,* In re Rivera Mercado, 599 B.R. at 419 (quoting In re Las Colinas, Inc., 426 F.2d at 1016); Roosevelt Cayman Asset Co. II, 232 F. Supp. 3d at 232. This holding was made in accordance with the standard that "under Puerto Rican law[,] recording is essential to the validity of a mortgage." Id. The Court therefore finds that the "mortgage" held by Rushmore, which was neither recorded nor presented to the Registry, is a **nullity**, due to Puerto Rico law's requirement that a mortgage be recorded to be valid.

Further, In re López Cancel, In re Garcia, and In re Rivera Mercado quoted the standard established in Segarra v. Schwarz Reitman to determine that the creditor who did not record its mortgage in the Registry does **not hold an unperfected interest in the property** and no lien exists. *See* In re Lopez Cancel, 2018 WL 6422651, at *2 (summarizing the holding in Schwarz Reitman that an unrecorded mortgage deed is not a lien or an unperfected interest in real property); *see also* In re Garcia, 2018 WL 4354364, at *2; In re Rivera Mercado, 599 B.R. at 421.

All five of the aforementioned cases discuss the distinction between the law in Puerto Rico and that in other states. Specifically, the cases mention that the finding in In re Traverse is not applicable to Puerto Rico. Contrary to Trustee's assertion in the case at bar, the Courts held that an unrecorded mortgage is not "an unperfected security interest in real property in Puerto Rico – unlike Massachusetts law, which grounds the ruling in Traverse." In re Rivera Mercado, 599 B.R. at 414; In re Garcia, 2018 WL 4354364, at *2; In re Lopez Cancel, 2018 WL 6422651, at *2. Further, in In re Garcia, the Bankruptcy Court of Puerto Rico reevaluated its previous finding based upon In re Traverse "**and found it to be inapposite**" because of the relevant distinctions between Massachusetts and Puerto Rico law. In re Garcia, 2018 WL 4354364, at *2 (emphasis added).

Those distinctions are also noted in the cases which Trustee invokes to support his claim, but those cases are indeed inapposite here because they were decided under Massachusetts law. For example, in In re Sullivan, the First Circuit held that, though federal law defines a lien as "a charge against or interest in property to secure payment of a debt" the issue of whether a particular mortgage meets that definition **is one of state law**. See In re Sullivan, 387 B.R. at 358 (quoting 11 U.S.C. § 101(37)) (emphasis added). The Court then explained the approach determined by Massachusetts law. Id. "[A] mortgagee is given a lien to secure

the performance of an obligation or the payment of money, and while an unrecorded mortgage is unenforceable as against third parties, the lien remains valid between the mortgagee and the mortgagor." Id. This is not the case in Puerto Rico. The Civil Code requires that a mortgage be recorded, and Courts have repeatedly held that an unrecorded mortgage is not valid but a nullity. *See e.g.,* In re Rivera Mercado, 599 B.R. at 419 (quoting In re Las Colinas, Inc., 426 F.2d at 1016).

Trustee acknowledges "the fact that the Mortgage Deed was never registered does not invalidate the Mortgage Note between Rushmore and the Debtors, nor does it alter the legal relationship of those parties in said Mortgage Note." (Docket No. 4 at 22). This does not, however, refute the Court's finding that the unrecorded mortgage is a nullity and not an unperfected security interest. Rather, as the District Court of Puerto Rico held in Roosevelt Cayman Asset Co. II v. Cruz-Rivera, a creditor of a note is "still entitled — even without a recorded mortgage deed — to pursue a personal action against the defendants for the collection of the debt owed on the mortgage note." Roosevelt Cayman Asset Co. II, 232 F. Supp. 3d at 232. This follows the finding in Roig Commercial Bank v. Dueño that the promissory note, now an unsecured personal obligation without a recorded mortgage, could only be enforced against the maker. *See* Roig Commercial Bank, 617 F. Supp. at 915. The Court is persuaded by Trustee's statement that there

still exists a legal obligation between Rushmore and Debtors. This obligation is through the underlying note, which Rushmore may enforce only against Debtors. As established above, the unrecorded mortgage is a nullity and does not grant Rushmore a lien or interest in the property of the Estate.

### B. 11 U.S.C. §§ 541, 544, 551 do not provide a claim under which trustee may avoid Rushmore's unrecorded mortgage.

In the same way that state law determines an entity's interest in property, "[t]he rights of a trustee under 11 U.S.C. § 544 are determined by state law." In re Rios, 420 B.R. at 71; *see also* In re The Ground Round, Inc., 482 F.3d at 20 (holding that "[s]ection 544 invokes state law").

The Bankruptcy Court has held that a trustee cannot use 11 U.S.C. §§ 544 and 551 in cases involving unrecorded mortgages. *See* In re Lopez Cancel, 2018 WL 6422651, at *2. The trustee's rights under those sections apply only when there is an unperfected security interest in property. Id. As established above, Rushmore's unrecorded mortgage is not an unperfected security interest under Puerto Rico law. In other words, "Trustee cannot gain superior rights to [Rushmore] who did not record its mortgage deed in the Property Registry because no lien exists under local law." In re Garcia, 2018 WL 4354364, at *2 (quoting Segarra v. Susan Schwarz Reitman, Adv. No. 05-00020 (MCF) (Bankr. D.P.R. 2016)). Trustee may not avoid a creditor's interest in property

that does not exist under local law. Moreover, only Debtors hold an interest in the property. *See* In re Rivera Mercado, 599 B.R. at 422 (B.A.P. 1st Cir. 2019) (quoting Segarra v. Susan Schwarz Reitman, Adv. No. 05-00020 (MCF)) (holding that the trustee could not assert an action pursuant to sections 544 and 551, because under local law, no interest in property other than the debtor's existed to avoid). Therefore, the Court holds that Trustee has no claim to assert under 11 U.S.C. §§ 541, 544 and 551.

## IV.   CONCLUSION

Appellant has repeatedly raised these issues of law in no less than five (5) cases without success. This appeal is no exception. It is an elemental principle of Puerto Rico mortgage law that an unrecorded "mortgage" is a nullity and thus has no legal effect. There is no lien to avoid or preserve in this case and the Bankruptcy Court's Judgment is thus **AFFIRMED**. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 19th day of August 2020.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge